# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY FINNEY,<br><br>            Plaintiff,<br><br>     v.<br><br>PHI, et al.,<br><br>            Defendants. | Case No. 1:17-cv-01541-BAM (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS BE DENIED<br><br>(ECF Nos. 9, 12)<br><br>**FOURTEEN (14) DAY DEADLINE** |

   Plaintiff Harley Finney ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 20, 2017, together with a motion requesting leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF Nos. 1, 2.)

   On November 22, 2017, the Court issued an order denying Plaintiff's application to proceed in forma pauperis because it was incomplete. Plaintiff reported that over the last twelve months he had received rent payments, interest, or dividends, but he failed to clearly describe the source of the money, the amount received, and if he expected to receive additional amounts. Plaintiff also reported that he owned stocks/shares, but he failed to state the value of the property. The Court ordered Plaintiff to submit a new application within forty-five days. (ECF No. 5.)

1

On December 11, 2017, Plaintiff submitted a renewed motion to proceed in forma pauperis. (ECF No. 6.) Plaintiff again indicated that he received rent payments, interest or dividends over the last twelve months. Plaintiff stated that he had $3,000.00 in cash in an account "from a Tribal Corp," which yields dividends in April and December, annually. Plaintiff further stated that he owns stocks "in Tribal Corp." (Id.) Plaintiff again failed to indicate the amount received from the dividends yielded by his Tribal Corp account or the value of his stocks. Plaintiff also failed to sign or date the application, complete the certificate portion, or to include a certified copy of his trust account statement. The Court issued another order directing Plaintiff to file a completed application or pay the filing fee. (ECF No. 7.)

Currently before the Court is Plaintiff's renewed motion for leave to proceed in forma pauperis. (ECF No. 9.) A copy of Plaintiff's certified prison trust account statement was filed on January 9, 2018. (ECF No. 12.) Upon examination of these documents, the Court cannot conclude that Plaintiff is unable to pay the $400 filing fee. Plaintiff states that he receives bi-annual dividends of approximately $600.00 in April and December from a lot (100) shares in a trial corporation with a value of $3,008.77. These dividends are apparently paid to Plaintiff by direct deposit. (ECF No. 9.) In addition, Plaintiff's trust account statement reflects monthly deposits ranging from $70.00 to $200.00 over the past six months. Plaintiff provides no explanation for these deposits. (ECF No. 12.) However, Plaintiff's trust account statement also reflects a current available balance of $90.40 as of January 9, 2018, and average monthly balances that have never exceeded $200.00. (Id.)

Although the evidence before the Court of Plaintiff's assets is inconclusive, Plaintiff has been provided with multiple opportunities to clarify his financial condition and adequately demonstrate financial hardship. Plaintiff has failed to do so.

Accordingly, the Court HEREBY ORDERS the Clerk of the Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. The motion to proceed in forma pauperis (ECF No. 9) be DENIED; and
2. Plaintiff be ORDERED to pay the $400 initial filing fee in full to proceed with this

action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 10, 2018**         /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE