# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARLEY FINNEY,<br><br>        Plaintiff,<br><br>    v.<br><br>DR. B. PHI, et al.,<br><br>        Defendants. | Case No. 1:17-cv-01541-DAD-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>(ECF No. 17)<br><br>**FOURTEEN-DAY DEADLINE** |

### **Findings and Recommendations**

Plaintiff Harley Finney ("Plaintiff") is a state prisoner proceeding pro se, but not in forma pauperis, in this civil rights action under 42 U.S.C. § 1983. On June 15, 2018, the Court screened Plaintiff's complaint and granted him leave to amend. (ECF No. 16.) Plaintiff's first amended complaint, filed on July 18, 2018, is currently before the Court for screening. (ECF No. 17.)

**I.    Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief

from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is currently housed at Pleasant Valley State Prison in Coalinga, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility ("CSATF"). Plaintiff names Dr. Koker as the sole defendant in the amended complaint, and contends that Dr. Koker was deliberately indifferent to Plaintiff's medical needs.

Plaintiff alleges that on February 22, 2017, he appeared before Dr. Koker for a follow-up appointment after an outside orthopedic doctor visit. Dr. Koker did not know why Plaintiff was there to see him. Plaintiff explained his extensive knee injury, including bone fracturing, an unattached ACL and his meniscus torn off the bone. Dr. Koker did not inquire about Plaintiff's pain level, but Plaintiff explained that his pain was as high as 10 on the pain scale while walking. Plaintiff told Dr. Koker that he was slipping in the wet weather on crutches. Plaintiff also told Dr. Koker that he had slipped in the dining hall on February 19, 2017, due to flooding, causing Plaintiff to injure his knee again.

Plaintiff requested a wheelchair, but Dr. Koker denied the request. Dr. Koker also stated that he would not renew Plaintiff's Tylenol 3 due to problems on the yard, but that Plaintiff would "get Tylenol 325mg, which is for fevers and minor pain, like headaches." (ECF No. 17 at p. 4.) Plaintiff responded that his leg was broken, and walking was both painful and dangerous. Dr. Koker reportedly replied, "Shut up, in my country people deal with like men. Do what you have to do and stop complaining." (Id.) On March 21, 2017, Plaintiff signed a form for a right knee fracture "fixature." (Id.) The pre-surgery MRI showed degenerative bone disease (permanent) from Plaintiff walking on his broken leg to get meds and meals.

As relief, Plaintiff seeks compensatory and punitive damages.

### III. Discussion

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). Deliberate indifference may be shown by the denial, delay or intentional interference with medical treatment or by the way in which medical care is provided. Hutchinson v. United States, 838 F.2d 390, 394 (9th Cir. 1988). The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989)), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

Plaintiff fails to state a cognizable claim for deliberate indifference to serious medical needs against Dr. Koker. Plaintiff admits that he had crutches and that Dr. Koker prescribed pain medications for Plaintiff. Therefore, Plaintiff, at best, has alleged a disagreement with Dr. Koker regarding his need for a wheelchair and certain pain medication. Further, any assertion of negligence, even gross negligence, in relation to Dr. Koker's treatment also is insufficient to state a cognizable claim.

### IV. Conclusion and Recommendation

Plaintiff's amended complaint fails to state a cognizable claim for relief. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the deficiencies in his complaint and thus further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

4

Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for Plaintiff's failure to state a claim upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **July 19, 2018**  /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE